UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CAROL CLARK,**   PLAINTIFF
INDIVIDUALLY AND AS ANCILLARY
EXECUTRIX FOR THE ESTATE OF JEFFREY
W. CLARK

v.   No. 5:21-cv-86-BJB

**AMAZON LOGISTICS, INC., ET AL.,**   DEFENDANTS

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Carol Clark—on behalf of herself and as administrator of the estate of her husband, Jeffrey Clark—sued multiple parties involved in his fatal car crash. Complaint (DN 1-1). Missouri Employers Mutual Insurance Company moved to intervene because it insures Matejcic Carr, Inc., Jeffrey Clark's employer. DN 24 at 1. Since Clark's death, which occurred during the course of his employment, Missouri Employers has made bi-weekly payments of $644.17 to his estate, totaling $25,122.63 as of January 2022. *Id*. Missouri Employers will continue to make these payments until Carol Clark dies or remarries. *Id*.

Missouri Employers' intervention motion argues that state law provides for reimbursement of those payments. *See* Proposed Intervening Complaint (DN 24-1). Courts "must permit" intervention when a federal statute confers an "unconditional right to intervene," FED. R. CIV. P. 24(a)(1), or when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," FED. R. CIV. P. 24(a)(2). The Sixth Circuit has interpreted Rule 24(a)(2) to require that:

(1) the application was timely filed;
(2) the applicant possesses a substantial legal interest in the case;
(3) the applicant's ability to protect its interest will be impaired without intervention; and
(4) the existing parties will not adequately represent the applicant's interest.

*Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). This test is conjunctive; an intervenor of right must satisfy every factor to intervene under Rule 24(a)(2). *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Missouri Employers argues it has a statutory right to intervene under Missouri law and that it would be "prejudiced" if not allowed to intervene and recover the payments made to Mr. Clark's estate. Motion at 2. But it hasn't satisfied either subsection of Rule 24(a).

First, Missouri Employers hasn't shown "an unconditional right to intervene [given] by a *federal* statute." FED. R. CIV. P. 24(a)(1) (emphasis added). It cites MO. REV. STAT. § 287.250 as creating "a statutory right to intervene," Motion at 2, but a state statute doesn't satisfy the federal rule. *See Moore v. Indus. Maint. Serv. of Tenn., Inc.*, No. 11-2938, 2012 WL 174965, at *2 (W.D. Tenn. Jan. 20, 2012) ("Tennessee Code Annotated is not a federal statute as required by Rule 24(a)(1)."); *Harris v. Reeves*, 946 F.2d 214, 222 n.10 (3d Cir. 1991) ("Rule 24(a)(1) provides that intervention of right exists when a statute of *the United States* confers an unconditional right to intervene but the rule does not provide for intervention of right when a state statute confers an unconditional right to intervene.").

Second, Missouri Employers hasn't shown impairment or inadequate representation under Rule 24(a)(2). It provides only a single conclusory sentence of argument: "Missouri Mutual Insurance Company will be prejudiced if it is not allowed to intervene in this matter because it will not be able to recover the sums that it expended on behalf of its insured." Motion at 2. Why not? Should federal courts just assume Missouri Employers would lack any means of recovery under state law? Normally the opposite presumption applies: federal law is interstitial, and read against a backdrop of state law. *See, e.g.,* Herbert Wechsler, *The Political Safeguards of Federalism: The Role of the States in the Composition and Selection of the National Government*, 54 COLUM. L. REV. 543, 545 (1954).

To intervene of right, moreover, Missouri Employers "must *prove* each of the four factors" recited in *Blount-Hill*. *Grubbs*, 870 F.2d at 345 (emphasis added). Even assuming Missouri Employers' motion is timely and establishes a "substantial legal interest," it hasn't shown how its "ability to protect its interest will be impaired without intervention" or why "the existing parties will not adequately represent" its interests. *Blount-Hill*, 636 F.3d at 283. While it's certainly possible that Clark wouldn't adequately protect Missouri Employers' "unique interest as subrogee," *Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 527 (E.D. Mich. 2004), the Court cannot assume away Missouri Employers' "minimal" burden in the face of a motion that contains "no reasoning," *Am. Special Risk Ins. Co. ex rel. S. Macomb Disposal Auth. v. City of Centerline*, 69 F. Supp. 2d 944, 955 (E.D. Mich. 1999).

\* \* \*

What about permissive intervention? Federal courts "may" permit intervention if a federal statute provides a "conditional right to intervene," FED. R. CIV. P. 24(b)(1)(A), or the party "has a claim or defense that shares with the main action a common question of law or fact," FED. R. CIV. P. 24(b)(1)(B). Permissive intervenors must show the motion is timely and "alleg[e] at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Courts evaluate timeliness "in the context of all relevant circumstances," including:

(1) the point to which the suit has progressed;
(2) the purpose for which intervention is sought;
(3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;
(4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and
(5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

Here, Missouri Employers fares better. It asserts the same legal claim for negligence (albeit in subrogation) against the defendants as Carol Clark's lawsuit does. *See* Proposed Intervening Complaint ¶¶ 20–27 (asserting subrogation claim against defendants for negligence); *Lemaster v. Taylor Indus.*, No. 11-30, 2011 WL 1577808, at \*2 (E.D. Ky. Apr. 26, 2011) (permitting intervention of subrogee with claim identical to plaintiff's). And the timeliness factors favor intervention. While Missouri Employers might have moved earlier, it filed only one month after discovery began. No current party opposes intervention, and the Court is unaware of any prejudice caused by permitting intervention at this stage.

Because Missouri Employer's motion is timely and unopposed, and because its subrogation claim is intertwined with the main case, the Court grants the motion to intervene (DN 24).

Benjamin Beaton, District Judge
United States District Court

June 29, 2022